IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01367-RBJ-MJW

JAMES J. SCHWITZER and
TAMMY L. SCHWITZER,

Plaintiffs,

v.

WELLS FARGO BANK, N.A. and
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,

Defendants.

**RECOMMENDATION ON
DEFENDANTS' MOTION TO DISMISS (Docket No. 5)**

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No.

18) issued by Judge R. Brooke Jackson on November 14, 2012.

**FACTUAL BACKGROUND**

This matter involves a promissory note (the "Note") executed by plaintiffs in July

2009.  Defendant Wells Fargo is the holder of the Note.  The Note, with a loan payable

in the amount of $284,900, is secured by a deed of trust encumbering the property

located at 436 D Street, Salida, Colorado 81201 (the "Property").  The deed of trust was

executed on July 23, 2009 and recorded on August 11, 2009.

On March 15, 2012, after conducting a Colo. R. Civ. P. 120 hearing, the Chaffee

County District Court entered an Order Authorizing Sale of Property.  Plaintiffs allege

they sent a Notice of Rescission of Mortgage letter to Wells Fargo on March 30, 2012.

2

On April 4, 2012, the Property was sold at a public trustee foreclosure sale.  An Order

Approving Sale was entered by the Chaffee County District Court on April 18, 2012.

The Trustee's Deed was recorded on April 25, 2012.  Plaintiffs initiated this action in

Chaffee County District Court the same day.  The matter was removed to this court on

May 25, 2012.

Plaintiffs allege in their complaint (Docket No. 2)[1] that defendants violated the

Truth in Lending Act ("TILA"), the Real Estate Settlement Procedures Act ("RESPA"),

the Fair Debt Collection Protection Act ("FDCPA"), the Colorado Fair Debt Collection

Practices Act ("CFDCPA"), and participated in unfair and deceptive acts and practices in

violation of the Colorado Consumer Protection Act ("CCPA").  Plaintiffs contend they are

entitled to rescission of the note and deed of trust on the Property due to these alleged

violations.  Plaintiffs ask to court to award default against defendants and vest

ownership in the Property to plaintiffs "without obligation on their part to pay for it."

**PENDING MOTION**

Now before the court for a report and recommendation is defendants' Motion to

Dismiss (Docket No. 5).  Therein, defendants argue that: (1) plaintiffs' TILA claim is

untimely; (2) plaintiffs' claim seeking to overturn the foreclosure sale is barred by the

Rooker-Feldman doctrine; (3) plaintiffs' RESPA claim should be dismissed because

RESPA does not provide a private right of action; (4) plaintiffs' FDCPA claim should be

dismissed because defendants are not "debt collectors" under the FDCPA; (5) plaintiffs'

---

[1] Plaintiffs' operative pleading is titled "Motion for Default to Plaintiffs' Right of Recission [sic]: Pursuant to (TILA), (RESPA), (FDCPA) and the Colorado Fair Debt Collection Practices Act."

3

CFDCPA claim should be dismissed because defendants are not "collection agencies" under the CFDCPA; and (6) plaintiffs have failed to plead a CCPA claim.

The court has carefully considered the complaint (Docket No. 2), the motion to dismiss (Docket No. 5), plaintiffs' response (Docket No. 9), and defendants' reply (Docket No. 10). In addition, the court has taken judicial notice of the court's file, and has considered the applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and recommendations.

Under Rule 8(a)(2), a pleading must contain "a short and plaint statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss pursuant to Rule 12(b)(6) alleges that the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Id. at 555 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. "[A] plaintiff must 'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe

4

that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting Twombly, 550 U.S. at 570).

The Tenth Circuit Court of Appeals has held "that plausibility refers 'to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012). The court has further "noted that '[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context.'" Id. The court thus "concluded the *Twombly/Iqbal* standard is 'a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.'" Id.

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in the plaintiff's favor. Morse v. Regents of the Univ. of Colo., 154 F.3d 1124, 1126-27 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996). However, "when legal conclusions are involved in the complaint 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions' . . . ." Khalik, 671 F.3d at 1190 (quoting Ashcroft v. Iqbal, 556 U.S. 662 (2009)). "Accordingly, in examining a complaint under Rule 12(b)(6), [the court] will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." Id.

5

Plaintiffs are proceeding pro se.  The court, therefore, reviews their pleadings

and other papers liberally and holds them to a less stringent standard than those drafted

by attorneys.  Trackwell v. United States Government, 472 F.3d 1242, 1243 (10th Cir.

2007).  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (holding allegations of a pro

se complaint to less stringent standards than formal pleadings drafted by lawyers).

However, a pro se litigant's conclusory allegations without supporting factual averments

are insufficient to state a claim upon which relief can be based.  Hall v. Bellmon, 935

F.2d 1106, 1110 (10th Cir. 1991).  A court may not assume that a plaintiff can prove

facts that have not been alleged or that a defendant has violated laws in ways that a

plaintiff has not alleged.  Associated Gen. Contractors of Cal., Inc. v. Cal. State Council

of Carpenters, 459 U.S. 519, 526 (1983).  See Whitney v. New Mexico, 113 F.3d 1170,

1173-74 (10th Cir. 1997) (stating a court may not supply additional factual allegations to

round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf); Drake v.

City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir. 1991) (stating a court may not

construct arguments or theories for the plaintiff in the absence of any discussion of

those issues).  The plaintiff's pro se status does not entitle him to application of different

rules.  Wells v. Krebs, 2010 WL 3521777, at *2 (D. Colo. Sept. 1, 2010).

**1. TILA**

Defendants argue plaintiffs' TILA claim is barred by the statute of repose

because title in the Property was transferred prior to plaintiffs filing their complaint.

Under TILA, a borrower whose loan is secured with his or her "principal dwelling"

is entitled to rescind the loan transaction entirely "until midnight of the third business day

following the consummation of the transaction or the delivery of the information and

6

rescission forms required . . . together with a statement containing [certain] material disclosures." 15 U.S.C. § 1635(a). If the required TILA disclosures are never made, then the borrower's rights of rescission under § 1635(f) "shall expire three years after the date of consummation of the transaction *or upon sale of the property, which ever occurs first.*" 15 U.S.C. § 1635(f) (emphasis added).

"[T]he mere invocation of the right to rescission via a written letter, without more, is not enough to preserve a court's ability to effectuate (or recognize) a rescission claim . . . ." Rosenfield v. HSBC Bank, USA, 681 F.3d 1172, 1182 (10th Cir. 2012). Rather, the "commencement of a lawsuit" is required. Id. at 1188. Further, the assertion of rescission as a defense in a C.R.C.P. 120 proceeding is not adequate to preserve the right. Id. at 1190.

Here, plaintiffs' notice of rescission was sent on March 30, 2012. The foreclosure sale occurred on April 4, 2012. Commencement of plaintiffs' lawsuit did not occur until April 25, 2012. Accordingly, plaintiffs' right to rescind was extinguished on April 4, 2012, and plaintiffs' TILA claim is barred by the statute of repose.

**2. Rooker-Feldman**

Next, defendants argue that plaintiffs' claim seeking to vest ownership in the Property to plaintiffs without any obligation to pay (i.e., seeking to overturn the foreclosure sale) is barred by the Rooker-Feldman doctrine.

Under 28 U.S.C. § 1257(a), "federal review of state court judgments can be obtained only in the United States Supreme Court." Kiowa Indian Tribe of Okla. v. Hoover, 150 F.3d 1163, 1169 (10th Cir. 1998). The Rooker-Feldman doctrine stems from two United States Supreme Court cases which interpret this limitation on the

review of state court judgments.  See D.C. Court of Appeals v. Feldman, 460 U.S. 462

(1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).  "The Rooker-Feldman

doctrine precludes 'cases brought by state-court losers complaining of injuries caused

by state-court judgments rendered before the district court proceedings commenced

and inviting district court review and rejection of those judgments.'" Tal v. Hogan, 453

F.3d 1244, 1255-56 (10th Cir. 2006) (quoting Exxon Mobil Corp. v. Saudi Basic Indus.

Corp., 544 U.S. 280, 284 (2005)).  Accordingly, the doctrine forecloses on "appellate

review of [a] state judgment in a United States district court, based on the losing party's

claim that the state judgment itself violates the loser's federal rights."  Johnson v. De

Grandy, 512 U.S. 997, 1005-06 (1994).  The doctrine "applies only to suits filed after

state proceedings are final."  Guttman v. G.T.S. Khalsa, 446 F.3d 1027, 1173 (10th Cir.

2006).  Challenges brought pursuant to the Rooker-Feldman doctrine are challenges to

a federal district court's subject matter jurisdiction.  Crutchfield v. Countrywide Home

Loans, 389 F.3d 1144, 1147 (10th Cir. 2004).

        The Rooker-Feldman doctrine is not limited to the preclusion of claims actually

litigated and decided on the merits by the state court, it also precludes claims which are

inextricably intertwined with the state court judgment. Tal, 453 F.3d at 1256.  "A claim is

inextricably intertwined if 'the state-court judgment *caused*, actually and proximately, the

*injury* for which the federal-court plaintiff seeks *redress*.'" Id. (quoting Kenmen Eng'g v.

City of Union, 314 F.3d 468, 478 (10th Cir. 2002)).  "[I]f a favorable resolution of a claim

would upset a [state court] judgment, the claim is [barred under the Rooker-Feldman

doctrine] if it is 'inextricably intertwined' with the judgment, even if the underlying

judgment issue was not raised or addressed in the state court that handed down the

8

judgment." Bolden v. City of Topeka, Kan., 441 F.3d 1129, 1140 (10th Cir. 2006).

However, if the plaintiff presents an *independent* claim, even if it denies a legal

conclusion that a state court has reached, the federal district court has jurisdiction. Id.

at 1143 (citing Exxon, 544 U.S. at 1527).

The Rooker-Feldman doctrine has been found to be "applicable both to claims at

issue in a state court order authorizing foreclosure sale and to claims that are

'inextricably intertwined' with such an order." Moore v. One West/Indy Mac Bank, No.

10-cv-01455-REB-CBS, 2010 WL 3398855, at *5 (D. Colo. Jul. 12, 2010).  Here, it is

clear that plaintiffs' claim seeking to vest ownership in the Property in plaintiffs without

any obligation to pay is inextricably intertwined with the state court's judgment

authorizing and approving the foreclosure sale.  In other words, if plaintiffs relief sought

were to be granted, the court would "disrupt or undo" the state court judgment. See

Crutchfield v. Countrywide Home Loans, 389 F.3d 1144, 1147 (10th Cir. 2004).

Accordingly, the court finds that to the extent any of plaintiffs' claims seek to challenge

the state court's rulings in the foreclosure action, including to the extent plaintiffs seek to

vest ownership of the Property back to themselves, the Rooker-Feldman doctrine acts

to bar their claims.

**3. RESPA**

Defendants argue plaintiffs' RESPA claim should be dismissed because RESPA

does not provide a private right to action under 12 U.S.C. § 2609(b).

It is not entirely clear from plaintiffs' complaint which section or sections of

RESPA plaintiffs are claiming defendants violated.  The complaint mentions a failure "to

meet the requirements of 12 U.S.C. § 2609 regarding escrow statements, collection of

9

escrow and notification of overpayment into escrow accounts." The complaint also
notes that "RESPA requires borrowers to be provided with a good faith estimate ("GFE")
. . . within three days of receiving a loan application." The court notes that plaintiffs did
not respond to defendants' contention that plaintiffs' RESPA claim should be dismissed,
nor did plaintiffs provide any additional explanation as to how they contend defendants
violated RESPA.

Under 12 U.S.C. § 2609, RESPA sets forth certain collection and notification
requirements regarding mortgage-related escrow accounts established for the purpose
of assuring payment of taxes, insurance premiums, or other charges with respect to the
property. However, it is well-established that no private right of action exists under §
2609. See Hardy v. Regions Mortg., Inc., 449 F.3d 1357, 1359 (11th Cir. 2006) (noting
that, pursuant to § 2609(d)(1), the Secretary of Housing and Urban Development shall
assess a civil penalty to the lender or escrow servicer for § 2609 violations); see also In
re Payne, 387 B.R. 614, 630 (Bankr. D. Kan. 2008). Accordingly, dismissal of plaintiffs'
RESPA claim is warranted to the extent it is premised on a violation of § 2609.

Similarly, to any extent plaintiffs bring their RESPA claim pursuant to § 2603 or §
2604, the claim must be dismissed since RESPA does not provide a private right of
action for violations of those requirements. See Alley v. Aurora Loan Servs. LLC, No.
10-cv-02163-REB-CBS, 2011 WL 3799035 (D. Colo. Jul. 21, 2011) (report and
recommendation adopted).

Further, to any extent plaintiffs' RESPA claim is brought pursuant to § 2607 or §
2608, the claim is barred by the applicable statute of limitations. Under 12 U.S.C. §
2614, RESPA actions brought under § 2607 or § 2608 must be brought within one year

10

of the "date of occurrence."   The date of occurrence refers to the date of the closing of

the loan.  Perkins v. Johnson, 551 F. Supp. 2d 1246, 1252 (D. Colo. 2008).  Plaintiffs'

loan closed on July 23, 2009.  This matter was not brought until April 25, 2012.

Accordingly, any claim for violations of  § 2607 or § 2608 should be dismissed as time-

barred.

## 4. FDCPA

Defendants argue plaintiffs' FDCPA claim should be dismissed because

defendants are not "debt collectors" under the FDCPA.

First, the court notes that not all courts have agreed "on whether and when

foreclosure activities are covered" by the FDCPA.  Yokomizo v. Deutsche Bank

Securities, Inc., 2011 WL 5024899, at *4 (D. Colo. Oct. 21, 2011), report and

recommendation adopted by 2011 WL 5983575 (D. Colo. Nov. 30, 2011); Rousseau v.

Bank of New York, 2009 WL 3162153, at *7 (D. Colo. Sept. 29, 2009).  "The basic

dispute is whether mortgage foreclosures constitute mere enforcement of a security

interest by the lender, in which case they would appear to fall outside the scope of the

[FDCPA], or whether foreclosures are an attempt to collect the underlying monetary

debt, in which case they would fall within the scope of the [FDCPA]."  Rousseau, at * 7.

"The vast majority of courts to address the issue, however, have determined that such

actions fall outside the scope of the FDCPA."  Yokomizo, at * 4 (citing Mayhew v.

Cherry Creek Mortg. Co., Inc. 2010 WL 935674, at *12 (D. Colo. Mar. 10, 2010); Kee v.

R-G Crown Bank, 656 F. Supp.2d 1348, 1354 (D. Utah 2009)).  Like the court in

Rousseau, this court finds no extenuating circumstances to warrant deviation from the

majority view on this issue in the absence of Tenth Circuit guidance to the contrary.

11

Furthermore, "[i]n order to assert an actionable FDCPA claim, Plaintiffs must allege a claim against debt collectors." Snider v. B.A.C. Home Loans Servicing LP, 2011 WL 4479280, at *4 (D. Colo. Sept. 26, 2011) (citing 15 U.S.C. § 1692(e) ("the purpose of this subchapter is to eliminate the abusive debt collection practices by debt collectors")). See Heintz v. Jenkins, 541 U.S. 291, 294 (1995) ("To be held liable for violation of the FDCPA, a defendant must–as a threshold requirement–fall within the Act's definition of a debt collector.")

The court finds that defendants are not debt collectors. "The FDCPA defines a debt collector as 'any person . . . who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be **owed or due another**.'" Id. (quoting 15 U.S.C. § 1692a(6)) (emphasis in original). "A debt collector **excludes** 'any person collecting or attempting to collect any debt owed or due or asserted to be **owed or due another** to the extent such activity . . . concerns a debt which was **originated by such person** . . . [or] concerns a debt which was **not in default at the time it was obtained** by such person.'" Id. (quoting 15 U.S.C. § 1692a(6)(F)) (emphasis in original). "Additionally, as clearly evidenced by the legislative history, the term does not include mortgage servicing companies." Id. (citing Solomon v. HSBC Mortg. Corp., 395 F. App'x 494, 495 (10th Cir. 2010)). Here, plaintiffs have not alleged facts demonstrating that the Note was in default when Wells Fargo became a "creditor," i.e., when the loan was closed. Wells Fargo was entitled to foreclose on the plaintiffs' property because it is the holder of the Note. Accordingly, the court finds that plaintiffs' FDCPA claim should be dismissed.

**5. CFDCPA**

12

Defendants argue plaintiffs' CFDCPA claim must be dismissed because defendants are not a "collection agency," "debt collector," or "solicitor" under the CFDCPA.

The CFDCPA applies "to any collection agency, solicitor, or debt collector . . . ." C.R.S. § 12-14-102(1).  A "collection agency" is defined as "a person who engages in a business the principal purpose of which is the collection of debts; or a person who regularly collects or attempts to collect . . . debts owed or due another."  C.R.S. § 12-14-103(2)(a).  However, the term "collection agency" specifically excludes "any person whose principal business is the making of loans or the servicing of debt not in default and who acts as a loan correspondent . . . or holder of a debt secured by a deed of trust of real property."  C.R.S. § 12-14-103(2)(b)(VIII).  A "debt collector" is "any person employed . . . by a collection agency to perform the collection of debts."   C.R.S. § 12-14-103(7).  A "solicitor" is "any person employed by a collection agency who solicits or attempts to solicit debts for collection."   C.R.S. § 12-14-103(10).

Here, defendants do not qualify as a  "collection agency," "debt collector," or "solicitor."  Further, Wells Fargo clearly falls within the exception for lenders and loan servicers.  See Schwartz v. Bank of America, N.A., No. 10-cv-01225-WYD-MJW, 2011 WL 1135001, at *5 (D. Colo. Mar. 28, 2011).  Accordingly, plaintiffs' CFDCPA claim should be dismissed.

**6. CCPA**

Lastly, defendants argue that plaintiffs have failed to plead a CCPA claim.

To prove a private claim for relief under the CCPA, a plaintiff must show: (1) that

13

the defendant engaged in an unfair and deceptive trade practice; (2) that the challenged

practice occurred in the course of defendant's business, vocation, or occupation; (3)

that it significantly impacts the public as actual or potential consumers of the

defendant's goods, services, or property; (4) that the plaintiff suffered an injury in fact to

a legally protected interest; and (5) that the challenged practice caused the plaintiff's

injury.  Crowe v. Tull, 126 P.3d 196 201 (Colo. App. 2006).

Plaintiffs' complaint is completely devoid of any factual allegations sufficient to

show any of the five CCPA requirements.  Plaintiffs' complaint lists a series a

conclusory statements as to defendants actions; no specific factual allegations are

made.  As a matter of law, plaintiffs have failed to plead a claim under the CCPA.

Accordingly, plaintiffs' CCPA claim should be dismissed.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that defendants' Motion to Dismiss (Docket No. 5) be

**GRANTED** and plaintiffs' complaint be dismissed in its entirety.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2),
the parties have fourteen (14) days after service of this recommendation to serve
and file specific written objections to the above recommendation with the District
Judge assigned to the case.  A party may respond to another party's objections
within fourteen (14) days after being served with a copy.  The District Judge need
not consider frivolous, conclusive, or general objections.  A party's failure to file**

14

**and serve such written, specific objections waives de novo review of the**

**recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53**

**(1985), and also waives appellate review of both factual and legal questions.**

**<u>Makin v. Colo. Dep't of Corr.</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>,**

**91 F.3d 1411, 1412-13 (10th Cir. 1996).**


Date:  December 20, 2012                    s/ Michael J. Watanabe
       Denver, Colorado                     Michael J. Watanabe
                                            United States Magistrate Judge