IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 12-cv-01367-RBJ-MJW

JAMES J. SCHWITZER and
TAMMY L. SCHWITZER

      Plaintiffs,

v.

WELLS FARGO BANK, N.A. and
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

      Defendants.

---

# ORDER

---

      This case is before the Court on plaintiffs' objection to a magistrate judge's recommendation that defendants' motion to dismiss this case be granted. There are several other pending motions as well. At bottom, however, the case and the pending matters present another instance of good people who fell upon hard times during the economic downturn, were unable to keep up with their mortgage payments, lost their most precious asset – their home – to foreclosure; and now are trying as best they can, representing themselves, to get their home back or obtain some other remedy in federal court. Unfortunately, for the reasons discussed below, I cannot help them.

**Facts**

      The Schwitzers commenced this action by filing what they labeled "Motion for Default to Plaintiffs' Right of Recission (sic): Pursuant to (TILA), (RESPA), (FDCPA) and the Colorado Fair Debt Collection Practices Act." In response to the defendants' motion to dismiss, and later

1

the Magistrate Judge's recommendation, in which this pleading was referred to as the "Complaint," the plaintiffs have insisted that it is not a complaint, just a motion for default. I realize that the terminology can be difficult, and frankly, it doesn't so much matter what the document is labeled. The reason, however, that the defendants, the magistrate judge, and now this Court, refer to their pleading as a "Complaint" is that under the rules a civil action is commenced by the filing of a complaint with the court. Fed. R. Civ. P. 3. So, we have deemed the pleading to be a complaint.

I also note that the Complaint did not really tell the story that led to the foreclosure, and the defendants have filled in some gaps by providing copies of pertinent documents. Technically that requires that defendants' motion to dismiss be treated as a motion for summary judgment. Fed. R. Civ. P. 12(d). Either way, however, the Court will construe plaintiffs' well-pleaded allegations of fact as true (as did the magistrate judge) unless they are squarely contradicted by a specific document.

On July 23, 2009 Mr. Schwitzer signed a promissory note reflecting that he was borrowing, and promising to repay on terms set forth, $284,900.00 from Premium Capital Funding, LLC, d/b/a Topdot Mortgage. [CM/ECF document #5-1]. On the signature page, below Mr. Schwitzer's signature, is a notation that an "allonge" was attached for purpose of endorsing the note. *Id.* at 3. The attached allonge, [#5-2], provides that payments on the note should be paid to Wells Fargo Bank, N.A. Accordingly, Wells Fargo became the servicer of the note, as the Schwitzers alleged in their complaint at ¶7. To secure their obligations under the note, Mr. and Mrs. Schwitzer pledged their property at 436 D Street, Salida, Colorado 81201. This security was documented by a deed of trust among the Schwitzers, the Public Trustee of

Chaffee County, and Mortgage Electronic Registration Systems, Inc. ("MERS") as a nominee acting for the benefit of Premium Capital Funding, LLC d/b/a Topdot Mortgage. [#5-3].

At some point thereafter the Schwitzers apparently stopped making their payments, and foreclosure proceedings were commenced by Wells Fargo as the servicer and holder of the note. On March 15, 2012 the Chafee County District Court issued an Order Authorizing Sale, authorizing the Public Trustee to sell the property pursuant to statute and the provisions of the deed of trust. [#5-4]. The Schwitzers have alleged, and have provided supporting documentation, that on March 30, 2012 Mr. Schwitzer sent Wells Fargo a "Notice of Recission (sic) of Mortgage." Complaint [#2] at 12. In that letter Mr. Schwitzer invoked what he believed was the Schwitzers' extended right of rescission of the loan pursuant to the federal Truth-in-Lending Act ("TILA") and related regulations. He asserted that the security interest automatically became void; that Wells Fargo as the assignee of the lender must return all money and property provided in connection with the loan within 20 days or face monetary damages; and that he was tendering his property. *Id.* I note that he did not, however, offer to return to the lender the money that he had borrowed.

The property was sold at a Public Trustee foreclosure sale on April 4, 2012 to Wells Fargo for the bid-in sum of $319,936.78. [#5-5]. On April 18, 2012 the Chaffee County District Court issued an order approving the sale.

On April 25, 2012 the Schwitzers filed this suit in the Chaffee County District Court against Wells Fargo, MERS, and the Government National Mortgage Association. The case was later removed by the defendants to this Court pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446. The complaint has six claims, asserting violations of (1) TILA; (2) the Real Estate

3

Settlement Procedures Act ("RESPA")[1]; (3) the Fair Debt Collection Practice Act ("FDCPA"); (4) the Colorado Fair Debt Collection Practices Act ("CFDCPA"); (5) the Colorado Consumer Protection Act ("CCPA"), albeit not identified as such; and (6) the Colorado Uniform Consumer Credit Code (unnumbered claim). The claims against the Government National Mortgage Association were later dismissed without prejudice by stipulation. [#17].

This case comes before the Court on plaintiffs' motion for default on a right of recission (sic) [#2], defendants' motion to dismiss [#5], plaintiffs' motion for leave to file an amended complaint [#29], plaintiffs' motions to amend the scheduling order [#30 and #36], defendants' motions for extensions of time to submit responsive documents [#31 and #33], and defendants' motion to stay discovery [#32]. Magistrate Judge Watanabe issued a report and recommendation [#27] on plaintiffs' motion for default judgment and defendants' motion to dismiss. Plaintiffs filed a timely objection [#28], and defendants responded [#37].

The Court will discuss additional facts and proceedings in the context of the specific matters now pending, discussed below.

**Standard of Review**

Following the issuance of a magistrate judge's recommendation on a dispositive matter the district court judge must "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The district judge is permitted to "accept, reject, or modify the recommended disposition; receive further instruction; or return the matter to the magistrate with instructions." *Id.*

The defendants argue that the Schwitzers have not properly objected and thus are not entitled to de novo review. "[O]nly an objection that is sufficiently specific to focus the district

---

[1] Upon reviewing the pleadings, this Court noticed that page four was missing from plaintiffs' motion for default on a right of recission (sic). [#2]. At the Court's request, plaintiffs submitted the missing page. [# 39].

court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act." *United States v. One Parcel of Real Prop.,* 73 F.3d 1057, 1060 (10th Cir. 1996). The Schwitzers have laid out eleven numbered objections to the magistrate recommendation. These objections are sufficiently specific to focus the Court's attention on specific factual and legal issues that the Schwitzers believe are in dispute. Accordingly, de novo review is appropriate.

In reviewing a motion to dismiss, the Court views the motion in the light most favorable to the nonmoving party and accepts all well-pleaded facts as true. *Teigen v. Reffrow,* 511 F.3d 1072, 1079 (10th Cir. 2007). However, the facts alleged must be enough to state a claim for relief that is plausible, not merely speculative. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 570 (2007). A plausible claim is a claim that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Pleadings that offer only "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).

The plaintiffs represent themselves pro se. The Court reviews pro se "pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

**Conclusions**

Holder of the Note

The plaintiffs argue that Magistrate Judge Watanabe erred when he identified Wells Fargo as the holder of the note, because Premium Capital Funding, LLC is listed as the true lender on the note and deed of trust, and Wells Fargo is merely a servicer of the note. Under Colorado law, a "lender" or "owner" of a note is not synonymous with "holder" of a note. A holder of an evidence of a debt is defined as "the person in actual possession of or person entitled to enforce an evidence of debt." C.R.S. § 38-38-100.3. In Colorado, "a person entitled to enforce an instrument may be a holder, and need not be an owner, of the instrument." *McDonald v. OneWest Bank*, F.S.B., 680 F.3d 1264, 1266 (10th Cir. 2012). In conjunction with the note, an allonge was also executed which provided that the loan be paid to Wells Fargo [#5-2]. Thus, as the servicer of the note, Wells Fargo is also the holder of the note while Premium Capital Funding, LLC is the owner of the note. Magistrate Judge Watanabe did not err when he determined that Wells Fargo was the holder of the note.

Claim One: Violations of the Truth In Lending Act (TILA)

The Schwitzers argue that because Magistrate Judge Watanabe found that they sent notice of rescission to all defendants prior to the sale of their home, they have a right of rescission under § 122 of TILA (15 U.S.C. § 1635). The Court agrees that Judge Watanabe concluded that notice of rescission was sent to all defendants before the Schwitzer's home was sold. However, this conclusion is not dispositive. As Magistrate Judge Watanabe explained, the time limit for rescission under § 122 is "three years after the date of consummation of the transaction or upon sale of the property, whichever comes first." 15 U.S.C. § 1635(f).

The Schwitzers sent notice of rescission on March 30, 2012. The foreclosure sale occurred on April 4, 2012. Plaintiffs filed this lawsuit on April 25, 2012. Although the Schwitzers sent notice of rescission before the period of repose ended with the foreclosure sale, that was not sufficient. "[T]he mere invocation of the right to rescission via a written letter, without more, is not enough to preserve a court's ability to effectuate (or recognize) a rescission claim after the three-year period has run." *Rosenfield v. HSBC Bank, USA,* 681 F.3d 1172, 1182 (10th Cir. 2012). Thus, the Court agrees with Judge Watanabe's determination that plaintiffs' claim for rescission is barred by 15 U.S.C. § 1635(f).

It is also important to point out that the purpose of rescission is to unwind the transaction in its entirety by returning the parties to the position they occupied prior to the loan agreement. *Andrews v. Chevy Chase Bank,* 545 F.3d 570, 574 (7th Cir. 2008). Rescission requires the creditor to terminate its security interest in the property and return any payments made by the borrower, and, in exchange, the rescinding borrower must return the loan principal to the creditor. *Marr v. Bank of America, N.A.,* 662 F.3d 963 (7th Cir. 2011). In their request for rescission, the Schwitzers did not state that they would return the principal, but rather asked the Court to vest ownership in the property with them, "without obligation on their part to pay for it." [#2 at p. 8]. While the Court understands the Schwitzer's desire to keep their home and respects their attempt to do so through the legal process, under TILA, rescission is a two-sided process where both the borrower and creditor must undo the transaction. The Court recognizes that TILA's requirement that the rescinding borrower must return the loan principal "often has the practical effect of ruling out rescission." *Id.* This is one of those cases. Even if rescission were not barred by the statute of repose, this Court could not vest title of the property with the Schwitzers without an obligation on their part to pay for it.

The Schwitzers also argue that they may be entitled to damages under TILA. They allege that the defendants violated 15 U.S.C. § 1641(g) which requires certain disclosures no later than 30 days after a loan is sold, transferred or otherwise assigned. However, Section 1641(f) specifically excludes servicers as assignees under this section. As a servicer, Wells Fargo is not liable for any deficiencies in disclosures under § 1641(g).

Further, for a creditor to be liable under § 1641, the violation must be apparent on the face of the disclosure. 15 U.S.C. § 1641(e). In their complaint the Schwitzers said only that Wells Fargo and MERS failed to provide them with required disclosures and notice of assignment. They did not say which required disclosures were not provided and they did not allege that these omissions were apparent on the face of the disclosure. Accordingly, the Schwitzers failed to allege a plausible claim for relief under 15 U.S.C. § 1641. *Akar v. Federal Nat. Mortg. Ass'n,* 845 F. Supp. 2d 381, 394 (D. Mass. 2012).

<u>Claim Two: Violations of the Real Estate Settlement Procedures Act (RESPA)</u>

The Schwitzers allege that the defendants also violated RESPA, specifically 12 U.S.C. § 2605 and § 2609(b). Section 2609(b) requires lenders to provide borrowers with notice of escrow deficiencies annually. However, as Magistrate Judge Watanabe explained in his recommendation, RESPA does not provide a private right of action under § 2609. *In re Payne,* 387 B.R. 614, 630 (Bankr. D. Kan. 2008). Accordingly, dismissal of the Schwitzers' RESPA claim is appropriate to the extent it is premised on § 2609(b).

The Schwitzers also allege that the defendants violated § 2605. Unlike § 2609, § 2605 does include a private right of action. However, RESPA requires borrowers to show actual damages as a result of the defendants' failure to comply with its provisions. 12 U.S.C. § 2605(f)(1)(a); *Ricotta v. Ocwen Loan Servicing,* No. 06-cv-01502-MSK-KLM, 2008 WL

516674, at * 5 (D. Colo. Feb. 22. 2008); *Rodeback v. Utah Fin.,* No. 1:09-cv-00134-TC, 2010 WL 2757243, at *3 (D. Utah, July 13, 2010). The Schwitzers have not alleged any actual damages caused by the defendants' alleged violation of RESPA. Therefore, the Schwitzers' RESPA claims are dismissed.

Claim Three: Violations of the Fair Debt Collection Practices Act (FDCPA)

Plaintiffs also object to Magistrate Judge Watanabe's determination that foreclosure activities are not covered by the FDCPA. Judge Watanabe identified that not all courts have agreed "on whether and when foreclosure activities are covered" by the FDCPA. *Yokomizo v. Deutsche Bank Securities, Inc.,* No. 11-cv-01630-CMA-KLM, 2011 WL 5024899, at *4 (D. Colo. Nov. 30, 2011). Although not all courts have agreed, the vast majority of courts, especially in this District, have found that foreclosure activities are outside the scope of the FDCPA. *Wessler v. Colonial Nat'l Mortg.,* No. 11-cv-02683-RBJ-KMT, 2012 WL 5949730 (D. Colo. August 21, 2012), report and recommendation adopted by 2012 WL 5949581 (D. Colo. November 28, 2012). I agree with Judge Watanabe that plaintiffs have not shown any extenuating circumstances that would support deviating from the majority view in the absence of Tenth Circuit guidance to the contrary.

Further, under § 1692 the definition of "debt collector" excludes "any person collecting or attempting to collect any debt . . . which was not in default at the time it was obtained by such person . . . ." 15 U.S.C.§ 1692(a)(6)(F). "Courts have consistently ruled that a creditor, mortgage servicing company, or assignee of the debt is not a "debt collector" under the FDCPA if the entity acquired the loan before it was in default." *Llewellyn v. Allstate Home Loans, Inc.*, 795 F. Supp. 2d 1210, 1231 (D. Colo. 2011) (citing *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir.1985)) ("[A] debt collector [under section 1692a(6)] does not include the consumer's

creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned")); *Lyons v. WM Specialty Mortg. LLC*, No. 08–cv–00018, 2008 WL 2811810, at *7 (D.Colo. July 18, 2008) (granting summary judgment in favor of defendants on FDCPA claim because the loan was not in default when defendants, a creditor and mortgage servicing company, obtained the loan). In this case, the Schwitzers have not alleged that they were in default when Wells Fargo began servicing the note. Accordingly, Wells Fargo is not a debt collector under the FDCPA.

> Claim Four: Violations of the Colorado Fair Debt Collection Practices Act (CFDCPA) and Colorado Consumer Credit Code (CCCC)

In their complaint the Schwitzers allege that their rights under the CFDCPA were violated. They specify that Wells Fargo and MERS violated the CFDCPA by violating Colorado Revised Statute §§ 5-3-101(2), 5-3.1-103, and 5-3.5-103. These statutes are not part of the CFDCPA but rather the Colorado Consumer Credit Code. The CFDCPA is located at C.R.S. § 12-14-101 et seq.

Regardless of which statutes the plaintiffs' claims are evaluated under, they do not survive. The Schwitzers have pled no facts to explain how the defendants violated the CFDCPA or the CCCC; the complaint says only that defendants violated these statutes and therefore the Schwitzers are entitled to relief. To survive a motion to dismiss plaintiffs must allege facts to state a claim for relief that is plausible, not merely speculative. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 570 (2007). "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. The Schwitzers have not alleged sufficient facts to make out a claim that is plausible under the CFDCPA or C.R.S. §§5-3-101(2), 5-3.1-103, and 5-3.5-103.

Claim Five: Violations of the Colorado Consumer Protection Act (CCPA)

Under the CCPA a plaintiff "must establish not only that the defendant engage in a deceptive trade practice, but also that the defendant's challenged practice significantly impacts the public as actual or potential consumers of the defendant's goods, services, or property." *Rhino Linings USA, Inc. v. Rocky Mountain Lining, Inc.*, 62 P.3d 142, 149 (Colo. 2003).

Allegations of deceptive trade practices under the CCPA are subject to Fed. R. Civ. P. 9(b)'s heightened pleading standards. *Duran v. Clover Club Foods Co.*, 616 F. Supp. 790, 793 (D. Colo. 1985). Under Rule 9(b) plaintiffs must "provide enough notice to each defendant of the misrepresentations the defendant made so that he can answer and otherwise defend himself." *Gardner v. Investors Diversified Capital, Inc.*, 805 F. Supp. 874, 876 (D. Colo. 1992). "At a minimum, Rule 9(b) requires that a plaintiff set forth the "who, what, when, where and how" of the alleged fraud and must set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *U.S. ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702 (10th Cir. 2006) (internal citations omitted). Plaintiffs provide no specific facts about defendants' alleged deceptive trade practices. The complaint says only that the defendants have "engaged in a pattern of unfair practices in violation of the Colorado Consumer Protection Act . . . ." [#2 ¶ 21]. This is not sufficient to meet the heightened pleading standards that the CCPA requires. Accordingly, the Schwitzer's CCPA claim is dismissed.

Motion for Leave to File First Amended Complaint [#29]

The Schwitzers seek leave to file an amended complaint. Magistrate Judge Watanabe's recommendation came out on December 20, 2012 and the Schwitzers were served with a copy on December 22, 2012. They argue that because of the holidays, they did not have time to object

properly to Magistrate Judge Watanabe's recommendation and therefore seek leave to amend their complaint. Despite their lack of time, the Schwitzers were able to submit an objection with several specific objections. This Court has looked at those objections, considered them carefully and, as described above, adopted Magistrate Judge Watanabe's recommendation.

The Federal Rules of Civil Procedure allow a party to amend pleadings by leave of court and that leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). A motion to amend may be denied on the grounds of undue delay, bad faith, or futility of the amendment. *Foman v. Davis,* 371 U.S. 178, 182 (1962). In their motion for leave to file an amended complaint, the Schwitzers did not tender an amended complaint or provide any reasons why a subsequent complaint would not be subject to the same deficiencies as this complaint. Without more, allowing leave to file an amended complaint would only further delay resolution of this case. For this reason, the Schwitzer's motion for leave to amend [#29] is denied.

**Order**

1. Plaintiffs' motion for default to plaintiffs' right of rescission [#2] is DENIED.
2. Defendants' motion to dismiss [#5] is GRANTED. This case and all claims therein are dismissed without prejudice.
3. Magistrate Judge Watanabe's recommendation [#27] is AFFIRMED and ADOPTED consistent with this order.
4. Plaintiffs' motion for leave to file first amended complaint [#29] is DENIED.
5. Plaintiffs' motion to amend scheduling order [#30] is denied as MOOT.
6. Defendants' motion for an extension of time to file a response/reply to Magistrate Judge Watanabe's recommendation [#31] is GRANTED. Defendants' response was considered in this order.

7. Defendant's motion to stay discovery [#32] is denied as MOOT.

8. Defendants' motion for extension of time to file a response/reply to plaintiffs' motion for leave to file an amended complaint [#33] is denied as MOOT.

9. Plaintiffs' second motion to amend scheduling order [#36] is denied as MOOT.

10. Defendants are awarded costs under Fed. R. Civ. P. 54(d) and DCCOLO.LCivR. 54.1.

DATED this 19th day of February, 2013.

BY THE COURT:

*[signature: Brooke Jackson]*

_____
R. Brooke Jackson
United States District Judge